MoKiNNey, J.,
delivered tbe opinion of tbe court.
Tbe court erred in admitting evidence to go to tbe jury, of tbe agreement proved by tbe witness, David Decberd. This evidence was objected to when offered by tbe defendant’s counsel, but tbe objection was overruled by tbe court.
It is conceded in argument, bere, that tbe evidence was improperly received, because of its irrelevancy to tbe issue, or subject matter of tbe action, as set forth in the declaration; but it is argued, that tbe error was obviated by tbe statement of tbe plaintiff’s counsel, in argument, to tbe jury, which tbe record shows to have been made; namely, that tbe plaintiff “ did not ask, or desire a recovery upon tbe original contract, as proved by David Decberd.”
"We are unable to concur in opinion with tbe counsel for tbe defendant in error, upon this point. Tbe admission of tbe evidence in question, was in violation of one of tbe most fundamental principles governing tbe introduction of evidence to tbe jury; that is, that tbe evidence must correspond with tbe allegations, and be confined to tbe point in issue.
This rule of evidence, in itself, as important as it is universal, excludes all evidence of collateral and irrelevant matter, which does not tend to establish, or afford any reasonable presumption or inference, as to the principal matter in issue between tbe parties.
Tbe exclusion of such irrelevant evidence, is founded upon tbe just conclusion, that it necessarily tends to confuse and turn away tbe minds of tbe jury from tbe true matter of inquiry; to prejudice tbe opposite party by tbe introduction of matter upon tbe trial, of which *307 lie bad no notice from tbe issue joined upon tbe record, and, uselessly to protract and increase tbe expense of judicial investigations. Tbis admitted error of tbe court, could only have been obviated by some act amounting to a withdrawal of tbe evidence improperly received. The statement of counsel to tbe jury, that a recovery was not asked upon that evidence, did not at all cure tbe error; because, that still left tbe evidence before tbe jury; and it was before them as proper evidence in tbe judgment of tbe court; and, therefore, they were left at perfect liberty, in their own discretion, to make it, either tbe foundation of their verdict, or to give to it, such influence as they deemed proper, in connection with tbe other evidence in tbe cause.
What degree of influence tbe illegal evidence, may, in point of fact, have bad upon tbe minds of the jury, or, whether or not, it bad any influence upon tbe verdict, are inquiries alike impracticable and irrelevant.
Tbe law takes for granted, that tbe admission of illegal evidence is productive of prejudice to tbe party against whom it is admitted, and will not stop to enquire, ra-to weigh tbe extent of tbe mischief; and therefore, altogether forbids its introduction.
Eor tbis reason, a new trial must be granted, and therefore, it becomes unnecessary to notice other grounds relied upon, of much less force.
Judgment reversed.